United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AYMAN ABDELKARIM MOHA ALBISHEH, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-05438 |
| MARTIN FRINK, *et al.*, | § § | |
| Respondents. | § § § | |

**ORDER**

Before the Court is Petitioner Ayman Abdelkarim Moha Albisheh's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.      BACKGROUND

The following facts are not in dispute. Petitioner Ayman Abdelkarim Moha Albisheh is a citizen of Jordan who entered the United States without documentation on April 23, 2024. ECF No. 1, Ex. B-1 (Notice to Appear). Upon entry, he was encountered by immigration officials and detained. *Id*. issued a Notice to Appear (NTA) charging him with being an alien present in the United States who has not been admitted or paroled. He was ordered to appear in removal proceedings before an Immigration Judge (IJ) on September 10, 2024. *Id*.

The next day, the Department of Homeland Security (DHS) released Petitioner on an Order of Release on Recognizance (OREC). ECF No. 1, Ex. B-2 (OREC). The OREC required Petitioner

1 / 6

to appear for all future immigration proceedings, regularly report to a DHS officer, and comply with all state and federal laws (among other conditions). *Id*. On September 10, 2024, Mr. Albisheh applied for asylum. ECF No. 1 at ¶ 57. The Government subsequently issued him an employment authorization document. ECF No 1., Ex. A-2.

On April 12, 2026, Mr. Albisheh was encountered by Immigration and Customs Enforcement (ICE) after he was arrested by the Freestone County Sheriff's Office for Possession of a Controlled Substance. ECF No. 5, Ex. 2. Mr. Albisheh was transferred to ICE custody on April 20, 2026 and subsequently detained for violation of the conditions of his OREC. *Id*. On May 5, 2026, Mr. Albisheh appeared before an IJ for a custody redetermination. ECF No. 1 at ¶ 65. The immigration judge denied custody redetermination for lack of jurisdiction. *Id*. at ¶ 66.

On June 29, 2026, the IJ denied Mr. Albisheh's application for asylum and withholding of removal and ordered him removed to Jordan. ECF No. 5, Ex. 4 (IJ Order). Petitioner timely appealed that decision to the Board of Immigration Appeals (BIA). ECF No. 8. His removal proceedings are thus ongoing. Respondents position is that Mr. Albisheh is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

II.     ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court notes that Petitioner's Petition relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). That opinion has since been vacated pending rehearing *en banc*, and the Court does not rely on it

in reaching this decision. The Court is further aware the that Fifth Circuit subsequently granted the government's motion to stay the underlying district court judgments in *Sosnava Rodriguez* pending *en banc* review in a published, unreasoned order. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). However, the Court concludes that this order does not require the Court to stay its decision in this case for the same reasons previously articulated in other cases. *See, e.g., Rojas Pliego v. Mullin*, No. 4:26-CV-05719, Dkt. No. 13 (Order Denying Motion to Stay); *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 n. 2 (S.D. Tex. July 27, 2026) (Ellison, J); *Gonzalez Gonzalez v. Blanche, et al.*, No. 4:26-cv-5561, ECF. Dkt. No. 10, (S.D. Tex. July 27, 2026) (Ellison, J.). Other district courts within the Fifth Circuit have similarly rejected Respondents' expansive interpretation of the Fifth Circuit's one-sentence, unreasoned stay order. *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

This Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, the Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). The Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any

individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

While Respondents do not make this argument, the Court also concludes that Petitioner's ongoing detention without an opportunity for an individualized bond hearing cannot be constitutionally justified by the violation of the conditions of his previous release on recognizance. It is true that Petitioner likely violated the conditions of his OREC when he was arrested for possession of a controlled substance (although he has not been convicted of this offense). The Court therefore agrees with Respondents that his initial re-detention by ICE was lawful. However, Petitioner has now been detained for more than 100 days without any opportunity to demonstrate that he is not a flight risk or a danger to the community. The violation of his conditions of release does not, absent an individualized finding of flight risk or dangerousness, justify his prolonged mandatory detention.

### III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner

ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention").

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 10, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

    **IT IS SO ORDERED.**

Signed at Houston, Texas on August 7, 2026.

Keith P. Ellison
United States District Judge

6 / 6